UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NEEKHOACH YISREAL DUHART,

    Plaintiff,

v.                                                            Case No. 17-CV-192

UNITED STATES POSTAL SERVICE,

    Defendant.

**ORDER**

Plaintiff Neekhoach Duhart, proceeding *pro se*, filed this action against the United States Postal Service ("USPS"), alleging retaliatory discharge and race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Specifically, Duhart alleges that a USPS employee discriminated by calling him "black boy," his supervisors took no action in response and harassed him for taking scheduled breaks, and he was terminated in retaliation for reporting the harassment. This court has jurisdiction pursuant to 28 U.S.C. § 1331.

The case is before the court on USPS's Rule 12(b)(6) motion to dismiss Duhart's complaint with prejudice. USPS argues that the complaint should be dismissed because Duhart failed to exhaust all his administrative remedies before filing suit and thus has failed to state a claim upon which relief can be granted. Duhart also filed a motion for change of venue. For the reasons stated herein, USPS's motion to dismiss is granted and Duhart's motion for change of venue is denied.

## ALLEGATIONS OF THE COMPLAINT

According to the allegations of the complaint, Duhart began working as a Mail Handler Assistant with USPS on November 28, 2016. Compl., ECF No. 1 at 6. On December 4, 2016, he saw a fellow Mail Handler Assistant harming USPS property and asked if she needed help. *Id.* at 8. The employee responded with an expletive and referred to Duhart as "black boy.*" Id.* Duhart reported the incident to his supervisors, but they took no action. Duhart further alleges that his supervisors harassed him for taking scheduled, personal breaks during his shifts. *Id.* at 9. Duhart was terminated on December 8, 2016, which was during a 90-day probationary period. *Id.* at 6-7. He claims that USPS terminated him in retaliation to his reporting the harassment. *Id.* at 9-10.

Upon termination, on December 8, 2016, Duhart filed an EEO pre-complaint. Compl., No. 1-2 at 26. Duhart participated in mediation on January 18, 2017, but the parties failed to resolve the dispute. Compl., at 11; ECF No. 1-2 at 28-29. On January 30, 2017, Duhart received notice to file a formal administrative complaint ("EEO Complaint") within 15 days of receipt. Compl., at 7; ECF No. 1-2 at 30. Instead of promptly filing his EEO Complaint, Duhart filed his complaint in this action on February 10, 2017, but did not file his EEO Complaint until February 17, 2017. ECF No. 8-4 at 21; ECF No. 8-5. By letter dated April 5, 2017, the USPS EEO Investigative Services Office dismissed Duhart's EEO complaint for being untimely. ECF No. 8-6.

## LEGAL STANDARD

A motion to dismiss tests the sufficiency of the complaint to state a claim upon which relief can be granted, and does not decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510,

1520 (7th Cir. 1990); *see* Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations as true and draw all inferences in the light most favorable to the non-moving party. *Guitierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997); *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). When extrinsic evidence outside the pleadings is submitted with a Rule 12(b)(6) motion to dismiss, the court must either convert the motion into one for summary judgment under Fed. R. Civ. P. 56, or exclude the documents attached to the motion to dismiss and continue under Rule 12(b)(6). *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). However, under the incorporation-by-reference doctrine, "if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting the defendant's 12(b)(6) motion to a motion for summary judgment." *Brownmark Films, LC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012); *see also Williams v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) ("[A] court may consider . . . documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice.").

## ANALYSIS

USPS asserts that Duhart failed to exhaust his administrative remedies before filing suit in federal court. Under Title VII, employees of federal agencies must follow specific procedures before filing a legal claim. 29 C.F.R. § 1614.105. Someone who believes they have been discriminated against must first consult a counselor within 45 days of the alleged discrimination. 29 C.F.R. § 1614.105(a). If the initial counseling does not resolve the dispute, the counselor must give written notice of the employee's right to file an EEO Complaint. 29 C.F.R. § 1614.105(d).

3

The complaint must be filed within 15 days of receiving the written notice. 29 C.F.R. § 1614.106(b); *Ester v. Principi*, 250 F.3d 1068, 1071 (2001) ("One administrative remedy federal employees must pursue is the filing of a formal complaint of discrimination within 15 days of receiving notice of the right to do so."). If these potential remedies all fail, the employee may pursue legal action in federal court once he receives a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003). Failure to exhaust these administrative remedies precludes the employee's right to relief. *Reynolds v. Tangherlini*, 737 F.3d 1093, 1099 (7th Cir. 2013).

In support of its motion to dismiss, USPS filed Duhart's EEO Complaint and postmarked envelope. ECF No. 8-4 at 21; EFC No. 8-5. Because the obligation of the plaintiff to exhaust all administrative remedies before filing suit is central to Duhart's claim, the court may take notice of the EEO Complaint and postmarked envelope without converting this Rule 12(b)(6) motion into a motion for summary judgment. These documents conclusively establish that Duhart did not file his EEO Complaint with the agency within the 15 days allowed. The complaint was thereafter dismissed on the ground that it was untimely, and Duhart has not appealed that dismissal. Having failed to exhaust his administrative remedies, his Title VII lawsuit must be dismissed. When a plaintiff's exhaustion of administrative remedies is untimely, a court dismisses the Title VII claim without ruling on the merits. *Ester v. Prinicipi*, 250 F.3d at 1071. While there are situations where a plaintiff can show waiver, estoppel, or equitable tolling so as to avoid dismissal, Duhart has made no such showing here or offered any explanation that could give rise to such a defense.

The plaintiff is generally granted leave to amend the complaint when a claim is dismissed if there is a problem that can potentially be cured. *Indep. Tr. Corp. V. Stewart Info. Services Corp.*,

665 F.3d 930, 943 (7th Cir. 2012); *see* Fed. R. Civ. P. 15(a)(1). Because Duhart cannot correct this error, the motion to dismiss is granted with prejudice.

## VENUE

Duhart also filed a motion to change venue on the basis that he no longer resides within the state of Wisconsin. As his claim has been dismissed under Rule 12(b)(6), the motion to change venue will be denied as moot. Even if it were not moot, the motion to change venue would be denied. It is the place where the action arose, not where the plaintiff later moves that determines the proper venue. In any event, the motion to change venue is denied.

## CONCLUSION

For the reasons given above, USPS's motion to dismiss is **GRANTED** and Duhart's motion to change venue is **DENIED**. Because the plaintiff's untimely EEO Complaint is construed as a failure to exhaust administrative remedies, he has failed to state a Title VII claim and the dismissal is with prejudice. The Clerk is directed to enter judgment forthwith.

**SO ORDERED** at Green Bay, Wisconsin this 8th day of June, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court